The Honorable Katherine Fernandez Rundle State Attorney Eleventh Judicial Circuit E.R. Graham Building 1350 Northwest 12th Avenue Miami, Florida 33136-2111
Mr. Robert A. Ginsburg Dade County Attorney Suite 2810, Stephen P. Clark Center 111 Northwest First Street Miami, Florida 33128-1993
Dear Ms. Rundle and Mr. Ginsburg:
You have asked for my opinion on substantially the following question:
What constitutes a finding of probable cause for purposes of the exemption from inspection and copying of public records in section119.07(3)(p), Florida Statutes?
In sum:
A determination by the director of the Metropolitan Dade County Equal Opportunity Board that reasonable cause exists to believe that a violation of Chapter 11A of the Dade County Code has occurred constitutes a "finding . . . relating to probable cause" pursuant to section 119.07(3)(p), Florida Statutes, at which time records related to the alleged violation become public records.
This joint request from the State Attorney's Office for the Eleventh Judicial Circuit and the Dade County Attorney's Office is prompted by a request for records of the Metropolitan Dade County Equal Opportunity Board. The board was created by ordinance and consists of thirteen members appointed by the board of county commissioners.[1] You state that the equal opportunity board is a unit of local government that investigates complaints of discrimination relating to race, color, religion, sex, national origin, age, handicap, marital status, sale or rental of housing, the provision of brokerage services, or the financing of housing. As a result of these responsibilities the board has in its custody records relating to such complaints.
The Metropolitan Dade County Equal Opportunity Board has interpreted the exemption set forth in section 119.07(3)(p), Florida Statutes, to require the board to keep records of complaints of discrimination confidential until after it has completed its initial investigation and made a determination of probable cause. However, the assertion has been made that records relating to the complaint should be released following the receipt of a complaint and the preparation of a formal charge for the complainant's signature. You have asked for this office's assistance in resolving this issue.
Section 119.07(3)(p), Florida Statutes, provides that:
"All complaints and other records in the custody of any unit of local government which relate to a complaint of discrimination relating to race, color, religion, sex, national origin, age, handicap, marital status, sale or rental of housing, the provision of brokerage services, or the financing of housing are exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution until a finding is made relating to probable cause, the investigation of the complaint becomes inactive, or the complaint or other record is made part of the official record of any hearing or court proceeding. . . ."
Thus, the statute provides that records of an investigation of a complaint of discrimination will be maintained as confidential records until a finding is made that probable cause exists to believe that a violation has occurred, or until the investigation of the complaint becomes inactive, or until such time as the complaint or other record is made a part of the official record of a hearing or court proceeding.
Generally, the phrase "probable cause" means that the circumstances would cause a reasonable person to believe that a violation has been or is being committed by the person who has been accused of the violation.[2] Thus, a finding of probable cause in a noncriminal action usually involves a determination of whether a reasonable person would believe that the violation complained of has occurred based on the facts developed during an initial investigation.
According to the Dade County Code,[3] any person aggrieved by an unlawful employment or public accommodation practice within the scope of the ordinance must file a written, signed complaint with the director of the Dade County Equal Opportunity Board within the specified time period after the alleged unlawful practice occurs. Upon the filing of such a complaint, the director is required to acknowledge the complaint and provide notice of the filing to the respondent, who may file an answer. The director investigates the complaint; more specifically, the ordinance provides that:
"In conducting an investigation of a complaint, the director shall have access at all reasonable times to premises, records, documents, individuals, and other evidence or possible sources of evidence relevant to the complaint and may examine, record, photograph and copy such materials and take and record the testimony or statements of such persons and issue such interrogatories as are reasonably necessary for the furtherance of the investigation. The board may enter an order compelling answers to interrogatories. The board may issue subpoenas to compel access to or the production of materials, or appearance of persons, to the same extent and subject to the same limitations as all other subpoenas issued by the county court of Dade County, Florida. . . ."[4]
Based on the investigation, the director makes a determination "consisting of a final investigative report and recommended final order[.]" The report and recommended final order must contain: the names and dates of contacts with witnesses; a summary and the dates of correspondence and other contacts with the complainant and the respondent; a summary description of other pertinent records; a summary of witness statements; any responses to requests for discovery; and recommendations including, but not limited to, the issues of liability for a violation of this chapter, affirmative action, reasonable accommodation, quantifiable damages, costs, attorney's fees, interest and civil fines.[5] After a specified number of days (either 10 days or 20 days depending on the nature of the complaint), the director's report becomes final and is served on both the complainant and the respondent.
In those cases where the director determines that there is no "reasonable cause" to believe that a violation of this chapter has occurred or is about to occur, the director must promptly dismiss the complaint. However, if reasonable cause is found to exist, the board has a policy of conciliation or settlement of charges between the aggrieved party and the respondent. Conciliation agreements into which the parties enter are subject to disclosure.[6]
If conciliation is not accomplished and the parties reject a civil action in court, then the director provides the opportunity for a public hearing before the board. The complainant, respondent or aggrieved person on whose behalf a complaint was filed must request a hearing in writing after receiving the director's determination. The board must make findings of fact and conclusions of law after the hearing is completed. Upon conclusion of the hearing before the board, an adjudicative final order must be issued and served on the parties.
As discussed above, probable cause generally means that the circumstances would lead a reasonable person to believe that a violation has been committed by the person complained of.[7]
Therefore, the point at which probable cause is found to exist for purposes of pursuing a complaint of discrimination by the Metropolitan Dade County Equal Opportunity Board comes after the director has completed the investigation and determined whether reasonable cause exists to believe that a violation of the chapter has occurred or is about to occur. Based on this conclusion, documents in a file relating to a complaint of discrimination as set forth in section 119.07(3)(p), Florida Statutes, are exempt from public disclosure and copying until the director makes such a determination of probable or reasonable cause. After the determination of probable cause, these records must be made available to the public.
While the procedures of the equal opportunity board suggest that the director's report is not final for a number of days after the finding of probable cause has been made, no exemption from public inspection or copying is made for these records during that time.[8] Therefore, the board may wish to consider revising its procedures and rules to ensure that copies of the director's final investigative report and recommended final order are provided to the parties immediately upon the determination of probable cause since these records will be available to the public.
Therefore, it is my opinion that upon completion of an investigation into a complaint of discrimination as described in section 119.07(3)(p), Florida Statutes, and a final determination by the director of the Metropolitan Dade County Equal Opportunity Board that reasonable cause exists to believe that a violation of Chapter 11A of the Dade County Code has occurred, the records of the board are subject to public inspection and copying pursuant to Chapter 119, Florida Statutes. Prior to such a finding of probable cause, section 119.07(3)(p), Florida Statutes, provides a specific exemption from the Public Records Law for such records.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 11A-4, Dade County Code.
[2] Cf., 14 Fla. Jur.2d Criminal Law s. 73 (1993). And see, Black's Law Dictionary 1365 (rev. 4th ed.), defining "probable cause" to mean "[a] reasonable ground for belief in the existence of facts warranting the proceedings complained of" and "[a]n apparent state of facts found to exist upon reasonable inquiry, (that is, such inquiry as the given case renders convenient and proper,) which would induce a reasonably intelligent and prudent man to believe, . . . in a civil case, that a cause of action existed."
[3] See, s. 11A-6, Dade County Code.
[4] See, s. 11A-6(8), Dade County Code.
[5] See, s. 11A-6(14)(a)-(f), Dade County Code.
[6] See, s. 11A-6(20), Dade County Code; compare, s. 760.36, Florida Statutes (1995), making a Fair Housing Act conciliation agreement public when the Florida Commission on Human Relations has secured the agreement under circumstances similar to those set forth in the Dade County Code.
[7] Cf., Dunaway v. New York, 442 U.S. 200, 60 L.Ed.2d 824,99 S.Ct. 2248 (1979); Hutton v. Strickland, 919 F.2d 1531 (11th Cir. Fla. 1990).
[8] Compare, s. 401.414(3), Fla. Stat. (1995), which provides that "[t]he complaint and all information obtained in the investigation by the department are confidential and exempt from the provisions of s. 119.07(1) until 10 days after probable cause has been found to exist by the department, or until the person who is the subject of the investigation waives confidentiality, whichever occurs first." (e.s.)